*BARBARA M ISLER v. D. A. MURPHY, Executor of J. T. H. Murphy.

## Special Proceedings -- Practice.

1. A special proceeding by a creditor against an administrator or executor for an account, must be by summons and complaint in the first instance. 'Any other creditor coming in, need not file a complaint unless his claim is denied, but such claim must be verified unless it is a judgment or some writing signed by the deceased.

2. Where in such proceeding the plaintiff filed memoranda of the evidences of debt but no complaint, and the defendant answered and thereupon the plaintiff replied : *Held*, that the pleadings were irregular and the Court below committed no error in remanding the cause to the Clerk in order that the plaintiff might file a complaint.

APPEAL, from an order made at Fall Term, 1876, of WAYNE Superior Court, by *Seymour J.*

The following is a copy of the order : "This action is remanded to the Clerk of this Court, for 'the plaintiff B. M. Isler and the defendant D. A. Murphy, Executor of J. T. H. Murphy, to file the complaint and other pleadings herein, required by the statute in such cases. And upon the filing of said pleadings, said Clerk will proceed with the case according to law."

The summons had been regularly issued, and memoranda of evidences of debt were filed instead of a complaint. The defendant answered and the plaintiff replied. Appeal by the plaintiff.

*Mr. S. W. Isler*, for the plaintiff.

A replication containing a concise statement of the cause of action is a complaint, C. C. P. sec. 93.

*Mr. H. F. Grainger*, for the defendant.

⋆ Faircloth J. having been of counsel in the Court below, did not sit on the hearing of this case.

READE, J. The statute, Bat. Rev. ch. 45, § 73, allows "any creditor of a deceased person, to prosecute a special proceeding in his own name and in behalf of himself and all other creditors of the deceased, without naming them, against the personal representative of the deceased, to compel him to an account, &c."

This was intended to be a proceeding under that statute. But it is objected that it is so inartistic that it will not answer the purpose for which it was intended. And we have to inquire, how that is.

The 74th section of said statute provides, that "The said action shall be governed by the rules of practice prescribed for special proceedings &c." so we have to inquire what are the rules of practice in special proceedings.

C C. P. § 418 provides that in a special proceeding, "If all the parties in interest join in the proceeding and ask the same relief, the commencement of the suit shall be by petition setting forth the facts entitling the petitioners to relief, and the nature of the relief demanded."

That is what is called an exparte proceeding, and no summons is necessary; and the petition takes the place of a complaint. But, C. C. P. § 421 provides, that "When special proceedings are had against adverse parties, they shall be commenced as is prescribed for civil actions."

The proceeding in this case is not exparte, but is adverse. The first thing necessary is a summons. That we have. The next thing necessary is a complaint. That we have not. But it is insisted for the plaintiff, that we have what is equivalent to a complaint—that is to say, we have *memoranda* of the evidences of his claims against the defendants. Not a word is said as to why he files them; or whether they are due and unpaid; or what he demands of the defendant in regard thereto. It is true that if the defendant is a shrewd man he might suspect what the plaintiff is after; but the least that is expected of any one is, that, in a decent

and respectful manner, he should ask for what he wants. And the statutes quoted above expressly require that he shall set forth in his petition, if the proceeding be exparte, or in his complaint, if it be adverse, "the facts entitling him to relief, and the nature of the relief demanded."

It is evident, therefore, that we have no complaint; nor any thing that will answer in the place of one.

But the defendant comes in and answers, and denies that the plaintiff's claims are just and owing, and the plaintiff replies that they are just and owing. And then the plaintiff insists that his replication is a complaint. Both the profession and the courts have been indulgent, probably too indulgent, in allowing departures from plain forms; but to allow this would be a burlesque upon practice and pleading.

The court was indulgent to the plaintiff in this case. He simply ordered the case to be remanded to the Probate Court that a complaint might be put in. But the plaintiff refused, and appealed.

It may be proper to say further, that in a proceeding such as this is, to call an administrator or executor to an account, the leading creditor, as the plaintiff in this case is, must issue his summons and file his complaint; that properly constitutes the case in court. And then, under ch. 45, § 79, Bat. Rev. any other creditor may come in and file his claim, and need not file a formal complaint, unless the defendant deny the claim; and then such creditor must file a complaint. But even such creditor must, when he files his claim, swear to it, unless it be a judgment or some writing signed by the deceased.

The point decided is, that a special proceeding by a creditor against an administrator or an executor for an account must be by summons and complaint in the first instance and

that other creditors coming in, need not file complaints unless their claims are denied and then they must.

There is no error.

PER CURIAM.                    Judgment affirmed.